UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TANYA BLACKWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: 1:16-cv-765 |
| | ) | |
| SALESFORCE.COM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Tanya Blackwell ("Blackwell"), by counsel, against Defendant, Salesforce.com, Inc. ("Defendant"), for violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.*, the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.* as amended, and the Age Discrimination in Employment Act, as amended, 29 U.S.C.S. § 621 *et. seq.*

### II. PARTIES

2. Blackwell is a resident of the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this

litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; 42 U.S.C. §2000e-5(f)(3); 29 U.S.C. § 626; and 29 U.S.C. § 216(b).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b), 29 U.S.C. § 630(b) and 29 U.S.C. § 203(d).

6. Blackwell was an "employee" as that term is defined by 42 U.S.C. §2000e(f), 29 U.S.C. § 630(f) and 29 U.S.C. § 203(e)(1).

7. Blackwell satisfied her obligation to exhaust her administrative remedies having timely filed Charges of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendants alleging discrimination based on sex, race, color, age and retaliation. Blackwell received the required Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Blackwell was born in 1971.

10. Blackwell worked for the Defendant and its predecessor since September 2012 as a Director of Credit and Collections. At all relevant times, Blackwell met or exceeded Defendant's legitimate performance expectations.

11. Blackwell was paid less than similarly-situated younger males and non-African-Americans despite performing similar jobs. For example, Blackwell earned less than the two other Directors of Credit and Collections in the company.

12. Moreover, Defendant required that Blackwell report to one of her co-workers in a Director level position; meanwhile, her male, non-African American counterparts reported to Lisa Edwards, Senior Vice President.

13. Blackwell also earned less than the other Directors that serve in the Indianapolis office. The other Directors in the Indianapolis office are younger Caucasian males.

14. Younger Caucasian male employees have been promoted by the Defendant disproportionately over females of color. Over the last 2 ½ years of her employment, Blackwell was not promoted despite exceeding Defendant's legitimate expectations; meanwhile, her younger, Caucasian male colleagues such as Matthew Cantieri and Andrew Thayer were repeatedly promoted.

15. On or about April 16, 2015, Blackwell complained to Angela Whatley, Human Resources, regarding race based discrimination. Specifically, Blackwell complained Defendant would not promote one of her employees, Tanya Boyd, Latina, whom she had recommended for promotion. Blackwell also complained about the discrimination that she perceived in how she was being treated by Defendant.

16. On or about April 21, 2015, Defendant informed Blackwell that her position would be eliminated.

## V. Causes of Action

### I. Gender Discrimination

17. Blackwell hereby incorporates paragraphs one (1) through sixteen (16) of her Complaint.

18. Defendant paid Blackwell less than her male peers.

19. Defendant denied Blackwell a promotion because of her gender.

20. Defendant actions were willful, intentional and in reckless disregard of Blackwell's rights as protected by Title VII of the Civil Rights Act of 1964.

21. Blackwell suffered damages as a result of Defendant's unlawful actions.

### II. Race Discrimination

22. Blackwell hereby incorporates paragraphs one (1) through twenty-one (21) of her Complaint.

23. Defendant paid Blackwell less than her Caucasian peers.

24. Defendant denied Blackwell a promotion due to her race.

25. Defendant's actions were willful, intentional and in reckless disregard of Blackwell's rights as protected by Title VII of the Civil Rights Act of 1964.

26. Blackwell suffered damages as a result of Defendant's unlawful actions.

### III. Color Discrimination

27. Blackwell hereby incorporates paragraphs one (1) through twenty-six (26) of her Complaint.

28. Defendant denied Blackwell a promotion due to the color of her skin.

29. Defendant's actions were willful, intentional and in reckless disregard of Blackwell's rights as protected by Title VII of the Civil Rights Act of 1964.

30. Blackwell suffered damages as a result of Defendant's unlawful actions.

## IV. AGE DISCRIMINATION

31. Blackwell hereby incorporates paragraphs one (1) through thirty (30) of her Complaint.

32. Defendant denied Blackwell a promotion due to her age.

33. Defendant paid Blackwell less than her younger peers.

34. Defendant's actions were willful, intentional and in reckless disregard of Blackwell's rights as protected by the Age Discrimination in Employment Act.

35. Blackwell suffered damages as a result of Defendant's unlawful actions.

## V. EQUAL PAY ACT

36. Blackwell hereby incorporates paragraphs one (1) through thirty-five (35) of her Complaint.

37. Defendant paid Blackwell significantly less than her male peers despite the fact that her male peers were employed in similar positions which required equal skill, effort and responsibility, and which were performed under similar working conditions.

38. Defendant's actions were intentional, willful, and taken in reckless disregard of Bullock's legal rights.

39. Defendant's unlawful actions have violated Blackwell's rights as protected by the Equal Pay Act, 29 U.S.C. §§ 206(d).

40. Blackwell suffered damages as a result of Defendant's unlawful actions.

## VI. Retaliation – Title VII

41. Blackwell hereby incorporates paragraphs one (1) through forty (40) of her Complaint.

42. Blackwell engaged in protected activity when she complained of race and gender discrimination.

43. Defendant retaliated against Blackwell by terminating her employment.

44. Defendant's actions were intentional, willful, and taken in reckless disregard of Bullock's legal rights.

45. Defendant's unlawful actions have violated Blackwell's rights as protected by Title VII of the Civil Rights Act of 1964.

46. Blackwell suffered damages as a result of Defendant's unlawful actions.

## VII. Retaliation – ADEA

47. Blackwell hereby incorporates paragraphs one (1) through forty-six (46) of her Complaint.

48. Blackwell engaged in protected activity when she complained of age-based discrimination.

49. Defendant retaliated against Blackwell by terminating her employment.

50. Defendant's actions were intentional, willful, and taken in reckless disregard of Bullock's legal rights.

51. Defendant's unlawful actions have violated Blackwell's rights as protected

by the Age Discrimination in Employment Act.

52. Blackwell suffered damages as a result of Defendant's unlawful actions.

### VI. Retaliation – FLSA

53. Blackwell hereby incorporates paragraphs one (1) through fifty-two (52) of her Complaint.

54. Defendant retaliated against Blackwell by discriminating against her for having complaining about potential violations of the Equal Pay Act, 29 U.S.C. §§ 206(d).

55. Defendant's actions violated the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

56. Defendant's actions were intentional, malicious, and done with reckless disregard for Blackwell's legally protected rights.

57. Blackwell has suffered damages as a result of Defendant's conduct.

### VI. Requested Relief

WHEREFORE, Plaintiff, Tanya Blackwell, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Blackwell's employment and promote her to the position, salary, and seniority level she would have enjoyed but for Defendants' unlawful actions; and/or payment to Blackwell of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of

Defendant's unlawful actions;

4. Compensatory damages for Defendant's violations of Title VII and its retaliation under the FLSA and ADEA;

5. Punitive damages for Defendant's violations of Title VII and its retaliation under the FLSA and ADEA;

6. Liquidated damages for Defendant's violations of the EPA and ADEA;

7. All costs and attorney's fees incurred as a result of bringing this action;

8. Pre- and post-judgment interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty. No. 23551-49
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

Attorneys for Plaintiff, Tanya Blackwell

## **DEMAND FOR JURY TRIAL**

Plaintiff, Tanya Blackwell, by counsel, requests a trial by jury on all issues deemed so triable.

>Respectfully submitted,
>
>BIESECKER DUTKANYCH & MACER, LLC
>
>By:  /s/ Andrew Dutkanych III
>Andrew Dutkanych III, Atty. No. 23551-49
>411 Main Street
>Evansville, IN 47708
>Telephone:    (812) 424-1000
>Facsimile:     (812) 424-1005
>Email: ad@bdlegal.com
>
>Attorneys for Plaintiff, Tanya Blackwell